UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL JAMES CABLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-01279-SEB-KMB |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Defendant. | ) | |

**Order Directing Clerk to Close Case**

Michael James Cable is currently incarcerated at the Marion County Adult Detention Center. For the reasons explained in this Order, this action is **dismissed as frivolous**.

**I.      Discussion**

Mr. Cable, who was once a defendant in the state court criminal case docketed as No. 49G17-0907-FD-062422, filed a notice of removal of that action to this Court.

Mr. Cable seeks removal under "28 U.S.C. § 1441." Dkt. 1 at 1. But § 1441 governs the removal of civil actions, not criminal actions. Pursuant to 28 U.S.C. § 1443, a criminal action commenced in a State court may be removed by a defendant to the district court if it is an action:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; [or]

> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

A notice of removal of a criminal prosecution shall include all grounds for such removal. 28 U.S.C. § 1455(b)(2). Pursuant to 28 U.S.C. § 1455(b)(4), "[t]he United States district court in which [a] notice [of removal] is filed shall examine the notice promptly. If it clearly appears on the face of

the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

For removal to be proper under 28 U.S.C. § 1443(1), a defendant must show that (1) the right denied arises under federal law providing for specific civil rights stated in terms of racial equality, and (2) the state courts will deny or not enforce those specified federal rights. *See Johnson v. Mississippi,* 421 U.S. 213, 219 (1975). Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal rights." *Application of County Collector of Winnebago, Ill.,* 96 F.3d 890, 897 (7th Cir. 1996).

In his state court case, Mr. Cable was charged with invasion of privacy on July 7, 2009. But the action was dismissed by the state on September 24, 2009. *See* Case Summary, 49G17-0907-FD-062422, available at mycase.in.gov.

Because Mr. Cable's case does not fit into either provision under §1443, this Court would have lacked subject matter jurisdiction over the criminal case if he had tried to remove it here when the case was pending. *Application of County Collector of Winnebago, Ill.,* 96 F.3d at 895 ("Removal jurisdiction is . . . completely statutory, and [the court] cannot construe jurisdictional statutes any broader than their language will bear.") (citing *Cook v. Weber,* 698 F.2d 907, 909 (7th Cir. 1983)).

But remand here is not necessary. As this case was dismissed nearly 20 years ago, there is no pending criminal case to remand this action to. The Court will not waste the Marion County court's time with this frivolous matter. Instead, this action is **dismissed as frivolous**.

## II.  Warning about Frivolous Filings

The Court now takes the opportunity to warn Mr. Cable that if he continues his practice of "abusive or frivolous litigation" he may be subjected to a filing restriction. *Martin v. Redden*, 34 F. 4th 564, 569 (7th Cir. 2022) (upholding filing ban of litigant who had repeatedly made false statements in court). "Every paper filed … no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004) (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)).

Frivolous filing behavior cannot be tolerated, and "the judicial authority to curb it is ample." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (collecting cases); *see also Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) ("District courts 'possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'") (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186, (2017) (internal citations omitted)).

The Court will not issue any sanctions at this time, but Mr. Cable is cautioned that it will if he persists in filing frivolous pleadings.

## III.    Conclusion

Mr. Cable has filed a notice of removal in a criminal case that was dismissed in state court in 2009.  Thus, there is no cognizable basis for removal, and there is nothing for this Court or the

state court to act on. This action is **dismissed as frivolous**. The **clerk is directed** to enter final judgment.

      **IT IS SO ORDERED.**

Date:    6/23/2026

                                  *Sarah Evans Barker*

                               SARAH EVANS BARKER, JUDGE
                               United States District Court
                               Southern District of Indiana

Distribution:

MICHAEL JAMES CABLE
488954
MARION COUNTY JAIL
MARION COUNTY JAIL
ADC Mail Room
695 Justice Way
Indianapolis, IN 46203